## G. Sheckles *v.* The State.

1. Continuance. — The case of *Dowdy* v. *The State*, *ante*, p. 292, on the subject of continuances, referred to with approval.

2. Practice in this Court. — If the charge to the jury presented the law of the case in distinct and comprehensive terms, the conviction will not be disturbed on appeal because the instructions might well have been more specific and pertinent. Objections of this nature should be obviated by requesting the additional instructions desired.

Appeal from the District Court of Milam. Tried below before the Hon. S. Ford.

The conviction was for cattle-theft, and a term of two years in the penitentiary the punishment assessed.

*Chandler & McGregor*, and *W. H. Hamman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    Besides the reasons given by the judge for his action in overruling the application for continuance, and which were perhaps amply sufficient in themselves, the want of probability of the truth of the matters proposed to be established by the absent witnesses, judged of in the light of the evidence adduced on the trial, might well warrant us in refusing to revise or interfere with the ruling.    *Dowdy* v. *The State, ante*, p. 292.

The only other questions involved in the appeal are the sufficiency of the evidence going to corroborate the testimony of the accomplices who had turned State's witnesses, and the charge of the court upon the law applicable to that branch of the case.    To our minds, there can be no doubt as to the ample corroboration of the accomplices in the most material matters going to establish defendant's guilt; and so far as the charge of the court was concerned, it stated the law fully, and if defendant desired more apt and pertinent instructions he should have requested, and doubtless the court would have given them.    When the judge has charged the law applicable to the case in distinct and comprehensive terms, this court will not reverse the case simply because the charge might have been fuller and more pertinent, especially where the defects in those particulars have not been attempted to be corrected by the defendant through additional instructions.

There being no error apparent on the record, the judgment is affirmed.

*Affirmed.*